IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JUSTIN EZRA JONES )
)
v. ) NO: 3:18-1397
)
SOUTHERN HEALTH PARTNERS, et al. )

**TO: Honorable Waverly D. Crenshaw, Jr., Chief District Judge**

# R E P O R T   A N D   R E C O M E N D A T I O N

By Order entered April 1, 2019 (Docket Entry No. 7), the Court referred this *pro se* and *in forma pauperis* prisoner civil rights action to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending before the Court is the motion for summary judgment filed by Michael Van Dyke, Tony Crawford, and Robertson County, Tennessee (Docket Entry No. 26), to which Plaintiff has not responded. For the reasons set out below, the undersigned respectfully recommends that the motion be GRANTED and this action be DISMISSED.

## I. BACKGROUND

Justin Ezra Jones ("Plaintiff") is an inmate confined at the Robertson County Detention Facility ("Detention Facility") in Springfield, Tennessee. On December 26, 2018, he filed this lawsuit *pro se* and *in forma pauperis*, seeking damages and injunctive relief under 42 U.S.C. § 1983 based upon events that have occurred during his confinement at the Detention Facility. *See*

Complaint (Docket Entry No. 1). It appears that Plaintiff has been continuously confined at the Detention Facility from October 8, 2017, to the present.[1]

Upon initial review of the case under 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court found that Plaintiff asserted colorable claims (1) that he had been denied constitutionally adequate medical care, (2) that he had been prevented from exercising his religious rights in violation of the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc *et seq*. *See* Memorandum Opinion and Order entered April 1, 2019 (Docket Entry Nos. 6 and 7). By Order entered May 23, 2019 (Docket Entry No. 15), Plaintiff's medical care claim was severed from this case into a separate case,[2] leaving only Plaintiff's First Amendment and RLUIPA claims in this case. The defendants sued on the remaining claims are Robertson County, Tennessee ("Robertson County"), Robertson County Sheriff Michael Van Dyke ("Van Dyke"), and Detention Facility Jail Administrator Tony Crawford ("Crawford") (hereinafter referred to collectively as "Defendants). Van Dyke and Crawford are both sued individually, as well as in their official capacities.

Plaintiff alleges that there is a "ban on congregational church services" at the Detention Facility and that "[t]he defendant(s) policy" is that inmates are limited to Bible study in their cells or individual visits from a minister by request. *See* Complaint at 10. He complains that the communal day room at the Detention Facility is too noisy for meeting with a religious minister and that this prevents him from having congregational worship services, which he asserts is "essential"

---

[1] *See* Affidavit of Tony Crawford (Docket Entry No. 28-1) at ¶ 5.

[2] *See Justin Ezra Jones v. James Walker and Brandon Smith*, 3:19-00442; dismissed on January 16, 2020, upon a joint stipulation of dismissal.

to the free exercise of his religion, and that he has repeatedly requested such services and been denied "per R.C.D.C. policy." *Id*. at 11. Plaintiff also alleges that Defendants prohibit baptism and sacramental communion in the Detention Facility and that they are imposing a substantial burden on the exercise of his religion. *Id*.

Defendants filed a joint answer, *see* Docket Entry No. 11, and a scheduling order was entered providing for a period of pretrial activity in the action. *See* Docket Entry No. 16 Other than Defendants' motion for summary judgment, there are no motions pending in the case.

## II. MOTION FOR SUMMARY JUDGMENT

Defendants seek summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Relying on the affidavits of Crawford (Docket Entry No. 28-1) and Van Dyke (Docket Entry No. 28-2), a statement of undisputed facts (Docket Entry No. 28), and Plaintiff's deposition transcript (Docket Entry No. 28-3), Defendants set out the policies and procedures that govern inmate religious practices at the Detention Facility and that permit inmates to engage in religious practices. They contend that these policies and procedures do not ban any religious practices, but permit inmates to worship and exercise their religious rights in a reasonable and constitutional manner in light of their confinement in a penal facility, including having a personal bible, being able to request a clergy visit, being able to meet with other inmates for communal prayers and religious services, and being able to make requests for other religious activities. They also deny that Plaintiff was prevented from either being baptized or taking communion and assert that he failed to follow the proper procedure regarding his request to be baptized. They point out that Plaintiff only made three requests regarding religious practices at the Detention Facility, each of which were responded

to by Detention Facility officials in a reasonable manner, and that he failed to pursue an inmate grievance at the Detention Facility about any of the religious complaints he raises in his case.

Based upon this evidence, Defendants raise multiple arguments for summary judgment. First, they contend that Plaintiff did not pursue his claims through the grievance process available at the Detention Facility prior to filing his lawsuit and, thus, he has failed to exhaust his available administrative remedies, as is required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e. *See* Memorandum (Docket Entry No. 27) at 11-13. Second, they argue that Plaintiff has not set forth sufficient evidence to support a conclusion that he has been deprived of any rights under the First Amendment or RLUIPA and has not set forth any evidence supporting a claim of municipal liability against Robertson County. *Id*. at 13-21 and 24-27. Defendants Van Dyke and Crawford argue that there is no basis for official capacity claims against them and that they are entitled to qualified immunity from any liability for damages to the extent that they are sued individually. *Id*. at 13 and 21-24. Finally, Defendants contend that Plaintiff's request for punitive damages should be dismissed and that he stated in his deposition that he was not seeking a monetary award for the "religious aspect" of his lawsuit. *Id*. at 27-28.

By Order entered September 24, 2019, Plaintiff was notified of the motion for summary judgment, advised of his need to respond, and given a deadline of October 28, 2019, to file a response. Docket Entry No. 29. Plaintiff has not responded to the motion in any manner.

### III. STANDARD OF REVIEW

A motion for summary judgment is reviewed under the standard that summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the

4

movant is entitled to judgment as a matter of law." Rule 56(a) of the Federal Rules of Civil Procedure. *See also Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986). A "genuine issue of material fact" is a fact which, if proven at trial, could lead a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non-moving party. *Anderson*, at 249-50. Once the moving party has presented evidence sufficient to support a motion for summary judgment, the non-moving party must present significant probative evidence to support the complaint. *Goins v. Clorox Co.*, 926 F.2d 559, 561 (6th Cir. 1991). In considering whether summary judgment is appropriate, the Court must "look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial." *Sowards v. Loudon Cnty.*, 203 F.3d 426, 431 (6th Cir.), *cert. denied*, 531 U.S. 875 (2000). The Court must view the evidence and all inferences drawn from underlying facts "in the light most favorable to the party opposing the motion." *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd.*, 475 U.S. 574, 587 (1986); *Gribcheck v. Runyon*, 245 F.3d 547, 550 (6th Cir.), *cert. denied*, 534 U.S. 896 (2001).

## IV. CONCLUSIONS

Although the allegations in Plaintiff's complaint were sufficient to permit the case to survive initial frivolity review and to have process issued to Defendants, Plaintiff has not responded to the arguments for summary judgment made by Defendants, has not set forth any evidence supporting

5

his claims, and has not responded to Defendants' statement of undisputed facts as required by Local Rule 56.01(f).[3]

When a motion for summary judgment is properly supported under Rule 56, such as Defendants' motion, the non-moving party may not merely rest on the allegations contained in the complaint, but must respond with affirmative evidence supporting his claims and establishing the existence of a genuine issue of material fact that requires that the action proceed to trial. *See Celotex Corp.*, 477 U.S. at 323-24; *Banks v. Wolfe Cnty. Bd. of Educ.*, 330 F.3d 888, 892 (6th Cir. 2003); *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir. 2002). As the Sixth Circuit has noted, when a defendant files a motion for summary judgment, the plaintiff is challenged to "put up or shut up" on critical issues. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1989). Plaintiff's *pro se* status does not relieve him of this obligation, which is a threshold requirement for all non-moving parties when summary judgment is sought by an opposing party. *Sixty Ivy St. Corp. v. Alexander,* 822 F.2d 1432, 1435 (6th Cir. 1987). The Court cannot supply or assume facts supporting Plaintiff's case and is not required to make legal arguments on his behalf. *See Thompson v. A.J. Rose Mfg. Co.*, 208 F.3d 215, 2000 WL 302998 (6th Cir. 2000); *Bell v. Tennessee*, 2012 WL 996560, *9 (E.D. Tenn. March 22, 2012). *See also Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 406 (6th Cir. 1992) ("it seems to us utterly inappropriate for the court to abandon its position of neutrality in favor of a role equivalent to champion for the non-moving party: seeking out facts, developing legal theories, and finding ways to defeat the motion.").

---

[3] Local Rule 56.01(f) provides that Plaintiff's failure to respond to Defendants' statement of undisputed facts shall deem the asserted facts to be undisputed for the purposes of summary judgment.

Plaintiff's lawsuit should be dismissed in its entirety because he has not shown that he exhausted his available administrative remedies prior to bringing the lawsuit. Pursuant to 42 U.S.C. § 1997e(a) of the PLRA, a prisoner bringing a lawsuit under federal law with respect to prison conditions must exhaust all available administrative remedies before filing the lawsuit. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002). If there is a grievance procedure available to inmates, the prisoner plaintiff must present his grievance through "one complete round" or through all the steps of the administrative grievance procedure in order to satisfy the exhaustion requirement. *See Thomas v. Woolum*, 337 F.3d 720, 733 (6th Cir. 2003), *abrogated on other grounds*, *Woodford v. Ngo*, 548 U.S. 81 (2006); *Hartsfield v. Vidor*, 199 F.3d 305, 306 (6th Cir. 1999). Satisfying the exhaustion requirement prior to pursuing a federal lawsuit is a mandatory requirement. *Ross v. Blake*, _U.S._, 136 S. Ct. 1850, 1856 (2016).

The failure of a prisoner plaintiff to satisfy the exhaustion requirement is an affirmative defense that Defendants must raise and prove. *Jones v. Bock*, 549 U.S. 199, 216 (2007). Once the defense of failure to exhaust is raised and supported, the burden is on Plaintiff to present evidence showing that he has complied with the PLRA's requirement of exhaustion. *See Napier v. Laurel Cnty., Ky.*, 636 F.3d 218, 225 (6th Cir. 2011).

Defendants have set forth evidence that: (1) a policy and procedure exists for inmates at the Detention Facility to file grievances about issues relating to their conditions of confinement and to file an appeal of any grievance response; and, (2) Plaintiff failed to pursue a grievance about any religious matter at the Detention Facility. *See* Statement of Undisputed Facts at ¶¶ 8, 12, and 20. In the face of Defendants' affirmative evidence of his noncompliance with the exhaustion requirement, Plaintiff must present "significant probative evidence" showing compliance with the

7

PLRA.  *See Napier*, *supra*.  He has not done so.  It is undisputed based on the record before the Court that Plaintiff did not complete the grievance process at the Detention Facility about any of his claims prior to filing his lawsuit.  Plaintiff's failure to produce competent evidence that meets his burden of rebutting the PLRA exhaustion defense raised by Defendants requires the dismissal of his lawsuit.

Because Plaintiff's failure to exhaust available administrative remedies under the PLRA requires the complete dismissal of his lawsuit, it is not necessary to address each of Defendants' alternative arguments for summary judgment.  Nonetheless, the Court finds that, given the undisputed evidence that is before the Court, no reasonable jury could find in favor of Plaintiff on his claims.

While prison inmates do not lose their First Amendment right to exercise their religion because of incarceration, *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987), "the circumstances of prison life may require some restriction on prisoners' exercise of their religious beliefs." *Walker v. Mintzes*, 771 F.2d 920, 929 (6th Cir. 1985).  For either a claim under the First Amendment or a claim under RLUIPA, Plaintiff must show that Defendants' challenged actions substantially burdened the exercise of his religion. *Hernandez v. C.I.R.*, 490 U.S. 680, 699 (1989); 42 U.S.C. § 2000cc-1(a); *Haight v. Thompson*, 763 F.3d 554, 559-60 (6th Cir. 2014).  At best, Plaintiff has shown that he encountered non-substantial burdens or inconveniences on his ability to freely exercise his religious views at the Detention Facility.  However, a "mere inconvenience" does not equate to a substantial burden.  *See Living Water Church of God v. Charter Twp. of Meridian*, 258 Fed.App'x 729, 739 (6th Cir. 2007) (quoting *Midrash Sephardi, Inc. v. Town of Surfside*, 366 F.3d 1214, 1227 (11th Cir. 2004)).  *See Johnson v. Baker*, 1995 WL 570913 (6th Cir. Sept. 27, 1995); *Cayce v.*

*George*, 2011 WL 6754067 (M.D. Tenn. Dec. 23, 2011) (Sharp, J.). Even when the evidence before the Court is viewed in the light most favorable to Plaintiff, there is simply no evidence upon which a reasonable jury could conclude that Defendants took any actions that created a substantial burden on Plaintiff's ability to exercise his religious beliefs.

## RECOMMENDATION

Based on the foregoing, it is respectfully RECOMMENDED that the motion for summary judgment filed by Robertson County, Tennessee, Michael Van Dyke, and Tony Crawford (Docket Entry No. 26) be GRANTED and that this action be DISMISSED in its entirety.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge